# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WAYNE C. HAWKES,
                 Appellant,

         v.

DEPARTMENT OF AGRICULTURE,
                 Agency.

DOCKET NUMBERS
SF-0752-15-0049-I-1
SF-0752-13-0338-I-2

DATE: November 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Wayne C. Hawkes</u>, Davis, California, pro se.

<u>Suzanne L. Lawrence</u>, Beltsville, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his 30-day suspension and his subsequent removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective March 3, 2013, the agency suspended the appellant for 30 days from his position as a GS-14 Research Chemist with the Western Human Nutrition Research Center based on: (1) conduct unbecoming; (2) causing a disruption in the workplace; and (3) failure to follow instructions. *Hawkes v. Department of Agriculture*, MSPB Docket No. SF-0752-13-0338-I-1, Initial Appeal File (0338 IAF), Tab 6 at 20-23 of 119. In charge (1), the agency found that, during a discussion with a colleague, V.,[2] the appellant said to her "Sometimes they drive me so crazy, I just want to kill somebody!" and that he further said, in discussing another colleague, H., that he knew where she lived and where her son went to school. *Id.* at 20. The agency found that the same statements supported charge (2). *Id.* at 21. And, in charge (3), the agency found that the appellant failed to timely complete an on-line anger management class that he had been directed to take. In imposing the 30-day suspension, the agency considered that, several months before, the appellant received a Letter of Caution based on three incidents of angry outbursts. *Id.*

---

[2] The administrative judge referred to certain individual employees involved in the charged misconduct by single initials. We do so as well.

¶3		On appeal, the appellant disputed the charges and claimed a violation of due process/harmful error in being denied notice of the charges, argued that the agency's action did not promote the efficiency of the service, alleged discrimination based on disparate treatment/perceived disability, claimed retaliation for certain protected activities and for whistleblowing, challenged the penalty, and claimed that the agency committed a prohibited personnel practice, specifically, by violating 5 U.S.C. § 2302(b)(13). 0338 IAF, Tab 1 at 6, 10-11; *Hawkes v. Department of Agriculture*, MSPB Docket No. SF-0752-13-0338-C-2, Petition for Review File, Tab 2. He requested a hearing. 0338 IAF, Tab 1 at 5.

¶4		Effective October 19, 2014, the agency removed the appellant for conduct unbecoming a Federal employee. *Hawkes v. Department of Agriculture*, MSPB Docket No. SF-0752-15-0049-I-1, Initial Appeal File (0049 IAF), Tab 6 at 15-18. The agency found that, during a meeting attended by a number of senior scientists to discuss a new study, the appellant loudly and vehemently stated that he did not wish to work on the study if the named Research Leader, who was also the appellant's supervisor, was going to be the Principal Investigator, claiming that he had labeled the appellant as "unfit for Federal duty" and "incapable of rehabilitation" in a past disciplinary action, and suggesting that the supervisor might "lie and cheat" and not allow the appellant fair access to study resources and manuscript authorship. *Id.* at 48. The agency further found that, during the meeting, the appellant continually yelled and interrupted colleagues as they attempted to speak, shouting "Shut up! Shut up!" to a particular colleague, and pointing his finger at another, shouting that she had no business being at the meeting. *Id.* at 48-49. In imposing removal, the agency considered the appellant's past record consisting of the same Letter of Caution referenced in the 30-day suspension action, the 30-day suspension itself, and a Letter of Reprimand the appellant received in early 2013 for sending harassing emails to V. after his supervisor had told him to stop. *Id.* at 50.

¶5        On appeal of the removal, the appellant raised the same claims he did in his challenge to the 30-day suspension. 0049 IAF, Tabs 1, 18. He requested a hearing. 0049 IAF, Tab 4. The administrative judge joined the two appeals for hearing and adjudication. 0049 IAF, Tab 5.

¶6        Thereafter, the administrative judge issued an initial decision affirming both actions. 0049 IAF, Tab 24, Initial Decision (ID) at 1, 24. He first addressed the 30-day suspension. He found that, because charges (1) and (2) were based on the same facts, the generic charge of conduct unbecoming merged into the more specific charge of causing disruption in the workplace, ID at 5, and that that charge was sustained, ID at 6-7, as was charge (3), failure to follow instructions, ID at 8. The administrative judge next addressed the removal, and the single charge that supported it, conduct unbecoming a Federal employee, finding it sustained. ID at 8-9. As to both actions, the administrative judge found a clear nexus between the charged misconduct, all of which occurred at work, and the efficiency of the service. ID at 9. In addressing the penalties, the administrative judge noted the factors, both mitigating and aggravating, that the deciding official considered in each action.[3] ID at 10-12. The administrative judge addressed the appellant's claim that he was disciplined more harshly than other employees who engaged in similar misconduct, but found that he did not establish that claim. ID at 12-13. Deferring to the agency's penalty decisions, the administrative judge found that a 30-day suspension and removal do not exceed the maximum reasonable penalty for the sustained charges. ID at 13-14.

¶7        The administrative judge then considered the appellant's affirmative defenses. Rejecting his claim of denial of due process/harmful procedural error, the administrative judge found that the appellant was afforded notice and an opportunity to respond to both actions; that there was no evidence that the deciding official engaged in any improper ex parte communications; that, to the

---

[3] The same individual served as the deciding official in both the suspension and the removal actions.

extent the appellant claimed he was denied due process in connection with other actions the agency took, none of them fell within the Board's jurisdiction; and that the appellant had identified no other procedural error committed by the agency in carrying out the suspension or the removal. ID at 14-15. In addressing the claim of discrimination based on perceived disability, the administrative judge acknowledged that the appellant was a qualified individual, and assumed, without deciding, that the agency regarded him as disabled by an anger management problem, but he found that the appellant failed to show that any such perception was a contributing factor in the agency's decisions to suspend or remove him. ID at 15-16. As for the appellant's claim that the removal was in retaliation for his having raised a claim of disability discrimination in his suspension appeal or his having filed a defamation lawsuit against V., the administrative judge found no connection between the appellant's activities and the removal. ID at 16-17.

¶8        Regarding the appellant's claim of whistleblower retaliation, the administrative judge found that he engaged in at least two types of protected activity: disclosing to agency officials and the Occupational Safety and Health Administration a potentially serious safety problem when several chemical fume hoods failed without warning, and exercising an appeal right granted by law as to remedying whistleblower retaliation, specifically, having filed three prior Board appeals in which he alleged that various personnel actions were taken against him in retaliation for whistleblowing.[4] The administrative judge further found that the appellant's disclosures about the chemical fume hood failures were a contributing factor in both the suspension and the removal, and that the last of his three prior Board appeals (the one involving the 30-day suspension) was a contributing

---

[4] The administrative judge found that this claim fell under the Whistleblower Protection Enhancements Act which, because it was enacted after the appellant's suspension but before his removal, applied only to the latter action. ID at 17-18.

factor in the removal.[5]  ID at 18-19.  The administrative judge found, however, that the agency showed by clear and convincing evidence that it would have taken the personnel actions against the appellant, even in the absence of his protected disclosures.  ID at 20-23.

¶9     Finally, the administrative judge considered the appellant's claim that the agency violated 5 U.S.C. § 2302(b)(13), which makes it a prohibited personnel practice for an agency to implement or enforce any nondisclosure agreement if it does not contain a specific disclaimer set forth in the statute.  The administrative judge found, however, that the appellant did not show that his removal was based on any such prohibited personnel practice, and that he was therefore not entitled to relief under that theory.  ID at 23.

¶10    The appellant has filed a petition for review, *Hawkes v. Department of Agriculture*, MSPB Docket No. SF-0752-15-0049-I-1, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 4, and the appellant has replied thereto, PFR File, Tab 5.  For ease of analysis, we have addressed the appellant's claims on petition for review in a different order than they were raised.

The appellant has not shown error in the administrative judge's decision to adjudicate the suspension and removal appeals simultaneously.

¶11    The appellant challenges the administrative judge's decision to adjudicate the suspension appeal and the removal appeal "simultaneously and in parallel,"[6] rather than sequentially.  PFR File, Tab 1 at 7.  The Board's administrative judges have the authority to conduct fair and impartial hearings and to issue timely and clear decisions based on statutes and legal precedents.  5 C.F.R. § 1201.41(b).

---

[5] The administrative judge duly considered whether the first two Board appeals, filed in the early 2000s, were contributing factors in the actions taken, but found that they were not.  ID at 19.

[6] As the administrative judge explained, he addressed the merits of the charges supporting the suspension and then the merits of the charge supporting the removal, then the nexus for the charges and the reasonableness of both penalties, and finally the appellant's affirmative defenses.  ID at 5.

The appellant has pointed to no statute or legal precedent which requires that an administrative judge, having joined two appeals, must adjudicate them in the manner urged by the appellant, and we are aware of none. We thus find that the administrative judge acted appropriately under the circumstances and that the appellant has not shown any error by this allegation.

The appellant has not shown error in the administrative judge's decision to sustain the causing a disruption in the workplace charge.

¶12    In connection with the 30-day suspension, the appellant alleges on review that, although the agency charged him with causing disruption in the workplace, the underlying charge was that he made a threat which the agency was then required to prove, but that his remarks did not rise to that level. PFR File, Tab 1 at 20-24. He points to the notice of proposed removal wherein the proposing official stated that "[t]he fact that you threatened to get even not only with the employee, but her family with whom you have no personal relationship, is unsettling." 0338 IAF, Tab 6 at 81 of 119. In determining how adverse action charges are to be construed, the Board will examine the structure and language of the proposal notice. *Williams v. Department of the Army*, 102 M.S.P.R. 280, ¶ 5 (2006). Here, the charge in question was causing a disruption in the workplace, and the narrative description of the actions that constitute the charged misconduct explains why, in the agency's view, the appellant's statements disrupted the workplace. 0338 IAF, Tab 6 at 80 of 119. Despite the proposing official's lone statement elsewhere in the notice, we find that, taken as a whole and considering the entire proposal notice, the agency did not charge the appellant with making a threat and therefore was not required to prove that his statements constituted a threat. *See Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 28 (2007). For that reason, we also reject the appellant's claim that the agency denied him due process or committed harmful procedural error in denying him the right to respond to the threat charge. PFR File, Tab 5 at 4-5.

¶13      The appellant further argues that any workplace disruption was caused by V.'s false report that he had threatened H., not by his statements, and that, in the alternative, there was no workplace disruption. PFR File, Tab 1 at 29. The administrative judge found it undisputed that there was a disruption in the workplace after the appellant made the statements because V. was concerned enough to report the statements to her supervisor the following day, the agency notified H. who expressed concern for her personal safety, and the agency placed the appellant on administrative leave for 3 weeks, requested an investigation by the inspector general, and imposed a no-contact order prohibiting the appellant from communicating with H. ID at 6. The administrative judge specifically considered whether it was V.'s reporting of the appellant's statements, rather than the statements themselves, that caused the workplace disruption, concluding that it was not. The administrative judge reasoned that V.'s report was accurate, that she credibly testified that the appellant's tone when he made the statements made her worried that he was serious, enough so that she reported the matter to her supervisor the next day, and that she had no motive to exaggerate what the appellant said or to get him in trouble. The administrative judge considered the appellant's claim that V.'s report was inaccurate because it was based on a dream she had that night, but found that to be a misunderstanding of her testimony. Rather, the administrative judge related V.'s explanation that she had been struggling to decide what to do, but that, during the night, she recalled a traumatic incident from her personal life where someone had displayed a facial expression similar to the appellant's. The administrative judge reasoned that V. drew from this previous experience in deciding how to interpret the appellant's demeanor and ultimately concluded that she should report his statements. ID at 7. Although the appellant disputes the administrative judge's credibility determinations and findings, we discern no reason to reweigh the evidence or

substitute our assessment of the record evidence for that of the administrative judge.[7] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002).

<u>The appellant has not shown that the administrative judge erred in finding that the agency established by clear and convincing evidence that it would have taken the same personnel actions regardless of the appellant's whistleblowing.</u>

¶14    The appellant challenges the administrative judge's finding that V. was not a comparator employee for purposes of his claim of retaliation for whistleblowing.  PFR File, Tab 1 at 9.  As noted, the administrative judge found that the appellant made protected disclosures that were a contributing factor in the two personnel actions, but that the agency proved by clear and convincing evidence that it would have taken those actions in the absence of the appellant's whistleblowing.  ID at 18-23.  In connection with the latter finding, the administrative judge considered, inter alia, the appellant's claim that the agency treated V. differently by not disciplining her when she disrupted a mediation session in which certain employees were required to participate along with the appellant to try to resolve his interpersonal problems.  *See Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999) (in determining whether the agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider the strength of the agency's evidence in support of its action, the existence and strength of any motive to retaliate on the part of agency officials who were involved in the decision, and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly

---

[7] The appellant does not challenge the administrative judge's findings that the agency established the misconduct charged in the removal action.  Based on our review, we discern no basis upon which to disturb those findings.

situated). The administrative judge found that V.'s conduct was not similar to the appellant's and that she was "probably a whistleblower herself" because she had disclosed to management the appellant's statements about getting even with H. ID at 22. The appellant argues on review that V. should have been considered a comparator employee for purposes of the 30-day suspension because she did not have a "whistleblower-like status" in July 2012, when the agency started taking actions against him that, in his view, led to the 30-day suspension and because, during 2012, neither she nor the appellant had prior discipline. PFR File, Tab 1 at 9. Notwithstanding his findings, the administrative judge reasoned that this third *Carr* factor weighed slightly in the appellant's favor because there were some similarities between V.'s conduct and the appellant's, and because, while V. may have been a whistleblower, she did not blow the whistle as frequently or as forcefully as did the appellant. ID at 22. Therefore, to the extent the appellant claims that the administrative judge erred by not finding V. to be a comparator employee for purposes of the whistleblowing defense,[8] the appellant has not supported his claim. The record reflects that the administrative judge resolved that *Carr* factor in the appellant's favor, even though he subsequently found, on consideration of the other factors, that the agency proved by clear and convincing evidence that it would have taken the personnel actions even absent the appellant's protected disclosures. ID at 22-23.

¶15    The appellant also argues that the administrative judge erred in his analysis of the second *Carr* factor, the existence and strength of any motive to retaliate on

---

[8] The appellant also argues that the administrative judge erred in using the "nearly identical" standard in determining whether V. was an appropriate comparator, a higher standard reserved for the consideration of such claims in the context of a Title VII case. PFR File, Tab 1 at 16-17; *see Spahn v. Department of Justice*, 93 M.S.P.R. 195, ¶ 13 (2003). Similarly, the appellant argues that the administrative judge ignored precedent from the U.S. Court of Appeals for the Federal Circuit which cautions against construing the similarity between employees so narrowly as to require virtual identity. PFR File, Tab 1 at 14-15; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1373-74 (Fed. Cir. 2012); *Carr*, 185 F.3d at 1323. As noted, the record does not support the appellant's claim. ID at 22.

the part of agency officials who were involved in the decision. PFR File, Tab 1 at 27-29. The appellant contends that the administrative judge failed to consider his claim that the proposing official became a "cat's paw" for his own supervisor, the Center's Director, who had "strong motives to retaliate and long-standing personal animus" towards the appellant. *Id.* at 28. Specifically, the appellant argues that the Center's Director was involved in most aspects of his supervision, that she was responsible for some of the actions the agency took against the appellant that preceded the actions on appeal, and that she otherwise influenced the proposing official to propose those actions. *Id.* at 28-29.

¶16 The Supreme Court has adopted the term "cat's paw" to describe events in a case in which a particular management official, acting because of an improper animus, influences an agency official who is unaware of the improper animus when implementing a personnel action. *See Staub v. Proctor Hospital*, 562 U.S. 411, 416, 421-22 (2011). Although the administrative judge did not specifically refer to "cat's paw" in his analysis, he did consider the appellant's claim regarding the Center Director in the context of the second *Carr* factor that employs a similar analysis. *See Whitmore*, 680 F.3d at 1369. Specifically, the administrative judge acknowledged that the Center Director may have had a stronger motive to retaliate against the appellant than the proposing or deciding officials because some of the appellant's safety concerns arguably reflected poorly on her leadership. The administrative judge further found that, while the Center Director would normally have been the deciding official for the actions at issue, the agency replaced her with someone outside the chain of command because of her past history with the appellant. The administrative judge found that the Center Director had no influence over the suspension, and that her role in the removal was quite minor; that is, she had attended the meeting the appellant disrupted and, like the other attendees, she wrote a statement describing what she had observed. The administrative judge acknowledged that the Center Director's statement that it "may be appropriate" for the appellant's supervisor to take

disciplinary action against the appellant could be read as a recommendation to the proposing official, but found no evidence that it carried any significant weight with the proposing official, noting that the Center Director thought that discipline also was warranted because of the appellant's alleged breach of the confidentiality agreement, but that the proposing official chose not to include that charge in the notice of proposed removal. ID at 21-22. The administrative judge concluded that the motive factor weighed in the agency's favor, although not as strongly as the first *Carr* factor, the strength of the agency's evidence in support of its actions. ID at 22.

¶17    As to that factor, the administrative judge found that the facts underlying both actions were undisputed and that the penalties imposed for the offenses were within the tolerable limits of reasonableness. ID at 20. Considering all the factors, the administrative judge concluded that he was left with the firm belief that the agency would have suspended and removed the appellant, even absent his whistleblowing. The administrative judge acknowledged that the appellant had clashed with management and coworkers for years over a variety of issues, many of them safety-related, but stated that he was convinced that the protected activities at issue ultimately made no difference in the agency's decision to take disciplinary actions against the appellant, finding it particularly important that the deciding official, who had little if any motive to retaliate, conducted a full and independent review of the propriety of the actions. The administrative judge concluded therefore that the agency proved by clear and convincing evidence that it would have made the same decisions in the absence of the appellant's whistleblowing and that therefore the appellant had not established his defense of whistleblower retaliation. ID at 23. Although the appellant disagrees with the administrative judge's findings, we discern no reason to disturb them because, as set forth above, he considered all of the evidence and neither ignored nor disregarded that which was countervailing to his conclusion. *See Whitmore*, 680 F.3d at 1368.

<u>The appellant has failed to show that the administrative judge erred in finding that the agency did not violate his due process rights.</u>

¶18    The appellant also challenges the administrative judge's findings that he lacked jurisdiction to consider the appellant's claim that the agency took other actions against him, such as moving his office and restricting his contacts with other scientists, and that he (the administrative judge) therefore had no authority to consider whether the appellant was deprived of due process regarding those actions. PFR File, Tab 1 at 17-19; ID at 14-15. On review, the appellant argues that these actions as well as others, including forcing him to resign from the safety committee, ordering him to take an anger management course, and prohibiting his access to the floor where the lab was located, are "covered actions" under 5 U.S.C. § 2302(a)(2)(A)(xii) because they involve significant changes in his duties, responsibilities, or working conditions. Under the statutory section to which the appellant refers, certain actions are considered "personnel actions" for purposes of an employee's establishing the Board's jurisdiction over an individual right of action (IRA) appeal. *See* 5 C.F.R. §§ 1209.2(b)(1), .4(a). However, the appellant did not file an IRA appeal; rather, he elected to file otherwise appealable action appeals, *see* 5 C.F.R. § 1209.2(b)(2), challenging the agency's suspending and removing him and claiming, inter alia, that, in taking these actions, the agency retaliated against him for whistleblowing. The administrative judge analyzed this claim in accordance with Board precedent, ID at 17-23, and the appellant has not shown error in that analysis.

¶19    In the same vein, the appellant contends that, because of these other actions, as described above, the agency should have been required to show by clear and convincing evidence that it would have removed him absent "all the prohibited personnel practices that were contributing factors" to the agency's actions. PFR File, Tab 1 at 10-14. And, the appellant claims that the administrative judge should have considered all of his protected activities (filing a civil law suit and claiming disability discrimination) in connection with the agency's burden to

show by clear and convincing evidence that it would have taken the same actions absent his activities.  In so arguing, the appellant misstates the agency's burden of proof as to his affirmative defense of retaliation for whistleblowing.  As we have stated, where, as here, the appellant demonstrates that he engaged in protected whistleblowing activity that was a contributing factor to the action(s) under appeal, the agency must show by one of the highest of burdens, clear and convincing evidence, that it would have taken such action in the absence of the appellant's protected activity.  *Carr*, 185 F.3d at 1322.  The administrative judge correctly applied this test to the appellant's whistleblowing claim.  ID at 20-23.

The appellant has not shown that the administrative judge erred in his analysis of the appellant's claims of reprisal for his nonwhistleblower activities.

¶20    Regarding the alleged nonwhistleblower-related activity described by the appellant, retaliation for breaching a confidentiality agreement by filing a civil lawsuit and claiming disability discrimination, PFR File, Tab 1 at 11, the administrative judge addressed each of these claims in the proper context.  As to the first claim, the administrative judge assumed that the appellant's filing of the lawsuit against V. was a protected activity, but found that the appellant failed to establish a nexus between that activity and the removal action.  ID at 16-17; *see Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 21 (2012), *overruled on other grounds by Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 43 n.8 (2015).  The appellant argues that the administrative judge erred in not finding that the breach of the confidentiality agreement and the filing of the lawsuit were contributing factors to the agency's actions.  PFR File, Tab 1 at 12.  In so arguing, the appellant is attempting to apply whistleblower retaliation law to nonwhistleblower claims.  The contributing factor analysis pertains to an employee's burden of proof when he raises whistleblower retaliation as an affirmative defense to an appealable action.  *See Hamilton v. Department of Veterans Affairs*, 115 M.S.P.R. 673, ¶ 25 (2011).  The claim relating to the appellant's breach of the confidentiality agreement by filing a civil suit against V.

is a nonwhistleblower claim and subject to a different analysis. The appellant has not shown that the administrative judge erred in finding that, in the absence of a showing of a causal connection between that activity and the adverse action, the appellant failed to establish this claim. *See Crump v. Department of Veterans Affairs*, 114 M.S.P.R. 224, ¶ 10 (2010), *overruled on other grounds by Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 43 n.8.; *Wildeman v. Department of the Air Force*, 23 M.S.P.R. 313, 320 (1984); *see also Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986), *superseded by statute on other grounds as stated in Alarid v. Department of the Army*, 122 M.S.P.R. 600 (2015); ID at-17-23. Although the appellant argues that the deciding official mentioned the lawsuit against V. on the *Douglas* factors analysis form, she indicated that she did so to illustrate the appellant's poor potential for rehabilitation, 0049 IAF, Tab 6 at 22, and the administrative judge credited the deciding official's testimony that the lawsuit against V. played no role in her actions, ID at 16-17; *see Haebe*, 288 F.3d at 1301-02 (finding that the Board must give deference to an administrative judge's credibility determinations when they are based, implicitly or explicitly, on the observation of the demeanor of witnesses testifying at a hearing unless there are "sufficiently sound" reasons to overturn such determinations).

The appellant has not shown that the administrative judge erred in his analysis of the appellant's claim of disability discrimination.

¶21    In addressing the appellant's claim that the agency disciplined him because it regarded him as disabled by issues related to anger management, the administrative judge found that the appellant was a qualified individual because he could perform the essential functions of his position with or without accommodation, and assumed, without deciding, that the agency regarded the appellant as disabled. ID at 15. Notwithstanding, the administrative judge found that the appellant failed to show that this perception was a contributing factor in

the agency's decisions to suspend or remove him.[9]  ID at 15-16.  Specifically, the administrative judge found no persuasive evidence suggesting that it was the appellant's mental health, rather than the underlying misconduct, that led the proposing official to initiate disciplinary action against him, and no evidence that the reasons the agency gave for the actions were a pretext for discrimination based on the appellant's perceived disability.  ID at 16.  Although the appellant urges that the agency bears the burden to show by clear and convincing evidence that the agency would have taken these actions against him, we need not reach that analysis because we find that the appellant failed to meet his burden of showing that the perception of him as disabled was a motivating factor in the agency's decisions to suspend or remove him.  *See Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶¶ 23-24 (2013) (discussing that, once an appellant meets his burden, an agency may limit the extent of its liability if it demonstrates that it would have taken the same adverse action absent the impermissible motivating factor).[10]

The appellant has not shown error in the administrative judge's penalty analysis.

¶22    The appellant challenges the administrative judge's finding that removal was a reasonable penalty.[11]    Specifically, the appellant argues that the

---

[9] In his analysis, the administrative judge misused the proper terminology by determining that the perception that the appellant was disabled was not a "contributing" factor in the agency's decisions to suspend or remove him.  The proper standard is whether that perception was a "motivating" factor in those decisions.  *See Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 23 (2013).  Notwithstanding this misstatement, we find that the appellant failed to show that the perception that he was disabled was a "motivating" factor in the agency's decisions to suspend or remove him.

[10] To the extent the appellant also argues, as to his claim of perceived disability, that V. should have been considered as a comparator employee, PFR File, Tab 1 at 10, the administrative judge found that the appellant did not show that the agency treated any similarly situated employees more leniently, much less that it did so in the "nearly identical" circumstances needed to support an inference of discrimination, ID at 16; *Spahn*, 93 M.S.P.R. 195, ¶ 13.

[11] The appellant does not specifically challenge the reasonableness of the 30-day suspension.  When an agency proves fewer than all of its charges, the Board may not

administrative judge improperly considered the suspension as prior discipline to enhance the removal, even though the suspension action was never reviewed "by an independent authority." PFR File, Tab 1 at 7-8. We construe the appellant's claim to be that, in addressing the reasonableness of the removal penalty, it was improper for the agency and the administrative judge to consider the 30-day suspension as part of the appellant's past record because the Board had not yet issued a final order on the propriety of that action. The Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981). The appellant has not shown that the agency's or the administrative judge's consideration of the 30-day suspension as past record in the removal appeal violated the *Bolling* criteria. The fact that the appellant subsequently challenged the suspension action to the Board and continues to do so does not command a different result. *Cf. Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671, ¶ 11 (2010) (determining that an employee's past disciplinary record may be considered when setting a penalty for misconduct, even if it is the subject of a pending grievance), *aff'd*, 415 F. App'x 240 (Fed. Cir. 2011).

¶23     The appellant further argues that, even if it was appropriate to consider the 30-day suspension as prior discipline in the removal appeal, the deciding official mischaracterized that prior misconduct by stating in the decision letter that "these

---

independently determine a reasonable penalty, but may impose the same penalty imposed by the agency based on a justification of that penalty as the maximum reasonable penalty after balancing the mitigating factors. *Gray v. U.S. Postal Service*, 97 M.S.P.R. 617, ¶ 11 (2004), *aff'd*, No. 05-3074, 2005 WL 1368093 (Fed. Cir. June 9, 2005). The administrative judge found that the deciding official conducted a thorough analysis of the aggravating and mitigating factors on the basis of which she determined to mitigate the proposed removal to a 30-day suspension, and that that analysis was appropriate. ID at 10. We discern no basis upon which to disturb those findings.

charges were the result of you threatening harm to a co-worker and her family." PFR File, Tab 1 at 8; 0049 IAF, Tab 6 at 16. As noted above, the Board's review of prior discipline is limited and does not include consideration of the merits of that discipline; rather, the Board will discount the prior discipline only if it is left with a definite and firm conviction that a mistake has been committed. *Rosenberg v. Department of Transportation*, 105 M.S.P.R. 130, ¶ 33 (2007). Regardless of the deciding official's characterization of the conduct that formed the basis for the 30-day suspension, the appellant has not shown that the action was clearly erroneous or that the administrative judge erred in considering it.

¶24    The appellant has not shown that the administrative judge erred in upholding the removal penalty as reasonable. When all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine whether the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that it clearly exceeded the bounds of reasonableness in determining the penalty. *Harris v. U.S. Postal Service*, 100 M.S.P.R. 613, ¶ 13 (2005). The administrative judge found, in the removal case, that the deciding official considered the relevant factors, both aggravating and mitigating, and that, based on the sustained misconduct and considering the appellant's past record, the deciding official's penalty analysis and determination were appropriate. ID at 10-14; *see, e.g.*, *Suggs*, 113 M.S.P.R. 671, ¶ 15; *Kirkland-Zuck v. Department of Housing & Urban Development*, 90 M.S.P.R. 12, ¶ 19 (2001), *aff'd*, 48 F. App'x 749 (Fed. Cir. 2002).[12]

---

[12] The appellant also argues on review that the deciding official considered unsubstantiated prior allegations of sexual harassment against him in her decision to remove. PFR File, Tab 1 at 8-9. The appellant did not raise this claim below. Therefore, in the absence of a showing that it is based on new and material evidence not previously available despite the appellant's due diligence, the Board will not consider it. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶25    The appellant also argues that the Board should take jurisdiction over actions the agency took against him prior to the suspension and removal as a unified penalty.  PFR File, Tab 1 at 19-20.  The Board may review a penalty in addition to the one under appeal when the additional penalty is a unified penalty, that is, when it arises out of the set of circumstances of which the employee was found culpable.  *Brewer v. American Battle Monument Commission*, 779 F.2d 663, 664 (Fed. Cir. 1985).  None of these additional "penalties" as argued by the appellant were imposed by the agency in connection with either the suspension or the removal and they therefore cannot be considered a unified penalty with those actions.  *Cf. Kirk v. Department of the Navy*, 58 M.S.P.R. 663, 672 (1993) (reviewing as a unified penalty the agency's decision to reassign and suspend the appellant, and to remove him as an agency representative from the Government Industry Data Exchange Program in connection with a charge of sexual harassment); *Alsedek v. Department of the Army*, 58 M.S.P.R. 229, 242 (1993) (reviewing as a unified penalty the agency's decision to demote and suspend the appellant, and to exclude him from consideration for supervisory positons for 2 years in connection with a charge of sexual harassment).

The appellant has not shown that the administrative judge abused his discretion in his rulings regarding witnesses and discovery.

¶26    The appellant also argues on review that the administrative judge abused his discretion in denying three specific witnesses he had requested.  PFR File, Tab 1 at 26-27.  The record reflects that the appellant requested 16 witnesses, 0049 IAF, Tab 15 at 20-21, and that the administrative judge approved 6, including the appellant himself, 0049 IAF, Tab 18 at 7.  In the December 16, 2014 prehearing conference summary in which he set out his rulings, the administrative judge advised the parties that any objections to the summary "must be received . . . by December 23, 2014, or they will be deemed waived."  *Id.* at 9.  The appellant did not note any objections.  Having failed to do so then, he is precluded from doing

so now on petition for review. *See Miller v. U.S. Postal Service*, [117 M.S.P.R. 557](), ¶ 8 (2012); *Tarpley v. U.S. Postal Service*, [37 M.S.P.R. 579](), 581 (1988).

¶27     Similarly, the appellant argues that the administrative judge abused his discretion regarding discovery. PFR File, Tab 1 at 27. According to the appellant, the administrative judge ordered the discovery process "halted" before the agency responded to his request for certain information, refused his request to continue discovery, and denied his request to subpoena V.'s medical records. In his original acknowledgment order of October 20, 2014, the administrative judge stated that initial requests or motions for discovery must be served on the other party within 30 calendar days of the date of the order; that responses to such requests must be served promptly but no later than 20 days after the date of service of the other party's discovery request or the Board's order; and that parties must attempt to resolve any discovery disputes before filing a motion to compel with the administrative judge. 0049 IAF, Tab 2. The record does not support the appellant's claim that he timely engaged in discovery. It is clear that he did not file a motion to compel with the administrative judge. Moreover, to the extent that the appellant's request, at the prehearing conference, to subpoena V.'s medical records can be considered as a motion to compel, the appellant has failed to show that the administrative judge abused his discretion by denying it. *See Latham v. U.S. Postal Service*, [117 M.S.P.R. 400](), ¶ 73 (2012). Nor has the appellant shown that the administrative judge improperly "halted" discovery because, as noted, there is no indication that the appellant timely engaged in the process, consistent with either the administrative judge's order or the Board's regulations. *See* [5 C.F.R. § 1201.73](d).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues

of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:       _____

William D. Spencer
Clerk of the Board

Washington, D.C.