**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CONNIE FRANCIS PERRIN,
       Appellant,

     v.

DEPARTMENT OF THE NAVY,
       Agency.

DOCKET NUMBER
DC-0752-15-0282-I-1

DATE: August 12, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Connie Francis Perrin</u>, Fredericksburg, Virginia, pro se.

<u>Crista Kraics</u>, Quantico, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2   Effective May 17, 2013, the agency removed the appellant from her position as a Wastewater Treatment Plant Operator based on five specifications of Inappropriate Conduct.  Initial Appeal File (IAF), Tab 1 at 8-13, 39-42. Specification 1 alleged that, during an exchange on March 21, 2013, the appellant took an aggressive step toward a Human Resources Specialist and asked her why she needed the military police present to give the appellant a letter placing her on administrative leave.  *Id.* at 9.  Specifications 2 through 4 alleged that on March 19, 2013, the appellant threw the keys to a Government-owned vehicle at her supervisor after he asked to see her driver's license, and stated "Fine, I'm not driving the truck anymore and you will be sorry," and "Ok, I see now.  Let me tell you.  We will both be outside the gate kicking rocks."  *Id.* at 9-10. Specification 5 alleged that on October 23, 2012, after the appellant's supervisor informed her that he could not approve all of her requested leave, the appellant became loud and disrespectful, refused to leave his office, took a confrontational stance, and blocked the door so he could not leave.  *Id.* at 10.

¶3   The appellant filed an equal employment opportunity (EEO) complaint concerning her removal, among other things, and the agency issued a final agency

decision (FAD) that apparently failed to advise the appellant of her Board appeal rights concerning her removal. IAF, Tab 9 at 11. As a result, the appellant requested a hearing before the Equal Employment Opportunity Commission (EEOC), and on December 12, 2014, an EEOC administrative judge issued a notice of intent to issue a dismissal without prejudice, finding jurisdiction over the appellant's mixed-case appeal was with the Board not the EEOC.[2] *Id.* at 22-23.

¶4      On December 20, 2014, the appellant filed a Board appeal.[3] IAF, Tab 1. After holding the appellant's requested hearing, the administrative judge sustained the appellant's removal. IAF, Tab 27, Initial Decision (ID). Applying the factors for making credibility determinations set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), the administrative judge found the agency's witnesses to be more credible than the appellant's witnesses, and he sustained the charge. ID at 14-15. He also found a nexus between the charge and the efficiency of the service, and he determined that removal was within the bounds of reasonableness. ID at 16, 20-22. Finally, he found that the appellant

---

[2] On December 29, 2014, the EEOC administrative judge dismissed the appellant's complaint and returned the matter to the agency for issuance of a FAD containing Board appeal rights. IAF, Tab 9 at 18-19. The administrative judge also informed the appellant that she could file a Board appeal concerning her removal without waiting to receive the agency's FAD because more than 120 days had elapsed since the filing of her complaint. *Id.* at 19.

[3] Generally, an appellant must file a Board appeal within 30 calendar days of her receipt of a FAD. 5 C.F.R. § 1201.154(b)(1). The record does not include a copy of the FAD; however, the agency asserts that it failed to provide the appellant with mixed-case appeal rights. IAF, Tab 9 at 11. It appears that the appellant discovered her Board appeal rights on or about December 12, 2014, when the EEOC administrative judge issued the notice of intent to issue a dismissal without prejudice. IAF, Tab 3 at 4, Tab 9 at 22-23. Under these circumstances, we find that the appellant's December 20, 2014 appeal was timely filed. *See, e.g.*, *Gingrich v. U.S. Postal Service*, 67 M.S.P.R. 583, 587 (1995 (stating that, as a general matter, an agency's failure to notify an employee of his or her Board appeal rights under circumstances requiring it to do so will justify a waiver of the filing deadline).

failed to prove her removal was based on discrimination or retaliation. ID at 17-19.

¶5    The appellant has filed a petition for review in which she argues that the administrative judge was biased against her, erred in his credibility determinations and factual findings, and improperly determined that the deciding official considered the relevant *Douglas* factors. Petition for Review (PFR) File, Tab 1 at 4-10. The appellant also disputes the administrative judge's finding of nexus and his finding that she failed to establish her affirmative defenses. *Id.* at 11-12.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly sustained the agency's charge.

¶6    On review, the appellant contends that the administrative judge gave more weight to the agency's witnesses and disputes his finding that the agency's witnesses were more credible than her witnesses. *Id.* at 4. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). As discussed below, we find that the appellant has not provided sufficiently sound reasons for overturning the administrative judge's credibility findings, which were based on his observation of the witnesses' demeanor.

¶7    The appellant generally disputes the testimony of the agency's witnesses, and, although she did not testify at the hearing, she cites to her version of events as set forth in her written response to the proposed removal. PFR File, Tab 1 at 5-9. However, the administrative judge considered the appellant's pleadings, but properly found the agency witnesses' live testimony to be more probative than the appellant's out-of-court statements. ID at 15; *see, e.g.*, *Social Security*

*Administration v. Whittlesey*, [59 M.S.P.R. 684](#), 692 (1993) (stating that live testimony is more probative than an out-of-court statement), *aff'd*, [39 F.3d 1197](#) (Fed. Cir. 1994).

¶8        In particular, the appellant disputes her first-level supervisor's testimony regarding the October 23, 2012 and March 19, 2013 incidents.  PFR File, Tab 1 at 5-6.  She also disputes the administrative judge's finding that testimony by the Human Resources Specialist that the appellant stepped toward her aggressively during the March 21, 2013 meeting was more credible than the appellant's witness' testimony to the contrary.  *Id.* at 9-10.  Such arguments, however, amount to mere disagreement with the administrative judge's credibility findings and do not provide a basis to disturb the initial decision.  *See Diggs v. Department of Housing & Urban Development*, [114 M.S.P.R. 464](#), ¶ 8 (2010).  Because the administrative judge's credibility conclusions were complete, based on proper considerations, and consistent with the record, we defer to them on review.  *See Crosby v. U.S. Postal Service*, [74 M.S.P.R. 98](#), 105-06 (1997) (finding that the Board will give due deference to the credibility findings of the administrative judge where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶9        The appellant also asserts that the Human Resources Specialist's testimony is not credible because the agency failed to call as witnesses the two military police officers who also were present during the March 21, 2013 incident to corroborate her testimony.  PFR File, Tab 1 at 9.  To the extent the appellant is arguing that the administrative judge should have drawn an adverse inference based on the agency's failure to call the officers as witnesses, the Board has not permitted a negative inference to be made against a party who simply fails to call its own nonhostile witnesses at the hearing.  *See, e.g.*, *Shustyk v. U.S. Postal Service*, [32 M.S.P.R. 611](#), 614-15, *aff'd*, [831 F.2d 305](#) (Fed. Cir. 1987).

¶10        The appellant also contends that the administrative judge ignored inconsistent statements by her supervisor regarding the March 19, 2013 incident

in which the appellant was charged with throwing at her supervisor a set of keys to a Government-owned vehicle.[4]  PFR File, Tab 1 at 6-7.  During the hearing, the appellant's supervisor demonstrated how the appellant threw the keys at him and testified it was like "quick think fast."  IAF, Tab 23, Hearing Compact Disc (HCD) at 21:30.  The administrative judge described the gesture for the record as the witness throwing his hand out about chest to stomach high in a quick motion. HCD at 22:00.  The appellant contends that this is inconsistent with her supervisor's March 19, 2013 memorandum of record in which he stated that she "tossed the keys at [him] in a quick underhand manner," IAF, Tab 9 at 99, and his statement in the notice of proposed removal that she "threw a set of keys from the government vehicle," *id.* at 84.

¶11     On cross-examination, when the appellant questioned her supervisor about these alleged inconsistencies, he testified that he considered a throw to be about the same as a toss, but that it was not exactly underhanded, more from the center of the body.  HCD at 54:30.  He then demonstrated again, and the administrative judge characterized his demonstration as throwing his hand directly out in front of his chest.  HCD at 55:30.  We find such distinctions concerning whether the throw was properly characterized as over- or under-handed or a toss or throw are not significant factors in assessing the witnesses' credibility, and his testimony concerning the material facts was consistent with his prior written statement, as found by the administrative judge.

---

[4] The appellant also contends that statements from the Human Resources Specialist and her second-level supervisor concerning the timeframe of the October 23, 2012 events are inconsistent.  PFR File, Tab 1 at 9.  However, she fails to explain in particular how or why such statements are inconsistent, and, based on our review of the record, we find the statements to be consistent.  The Human Resources Specialist stated that on March 21, 2013, when she arrived at the wastewater treatment main building at approximately 7:40 a.m., the appellant's second-level supervisor was present.  IAF, Tab 9 at 93.  The appellant's second-level supervisor stated that he arrived at approximately 7:30 a.m.  *Id.* at 91.

¶12     Finally, the appellant contends that the administrative judge erred in finding testimony of her coworker G.C. regarding the October 23, 2012 incident to be credible because he was "over 40 feet away at the other end of the hall" and, thus, could not have overheard the conversation between the appellant and her supervisor if, as her supervisor testified, he was not yelling. PFR File, Tab 1 at 7-8. G.C., however, testified that he was two doors down in the computer room, approximately 25-30 feet away, the door to the computer room was open, as was the door to the appellant's first-level supervisor's office, and he was able to overhear their conversation. HCD (testimony of G.C.). The appellant made this same argument in her written response to the proposed removal, which the administrative judge considered, but properly found less probative than G.C.'s live testimony. IAF, Tab 9 at 80; ID at 15.

The administrative judge properly found that the agency established nexus and the penalty of removal was within the tolerable limits of reasonableness.

¶13     The appellant disputes the administrative judge's finding that the agency proved nexus because she asserts that her supervisor could not have lost trust and confidence in her ability to perform her job because she was allowed to work 2 additional days after the March 19, 2013 incident before being placed on administrative leave. PFR File, Tab 1 at 11. We find this argument unpersuasive. It is well settled that there is sufficient nexus between an employee's conduct and the efficiency of the service where the conduct occurred at work. *See, e.g.*, *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987).

¶14     Regarding the appropriateness of the penalty, the appellant argues that the administrative judge erred in finding that the deciding official properly considered the *Douglas* factors. PFR File, Tab 1 at 9-10, 12. In determining an appropriate penalty, an agency must review relevant mitigating factors, also known as the *Douglas* factors pursuant to *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). The Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee

discipline and efficiency.  *See Davis v. U.S. Postal Service*, [120 M.S.P.R. 457](#), ¶ 6 (2013).  Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty clearly exceeded the bounds of reasonableness.  *Id.*

¶15        The administrative judge deferred to the agency's decision to remove the appellant after finding that the deciding official considered the relevant *Douglas* factors, including the nature and seriousness of the offense, the fact that some of the misconduct was intentional, the appellant's potential for rehabilitation, her prior disciplinary history, and her length of service.  ID at 20.  We agree that deference was appropriate here.

¶16        On review, the appellant contends that the deciding official improperly considered her prior 5-day suspension in January 1995 and 3-day suspension in June 2012.  PFR File, Tab 1 at 9.  She argues that the 1995 suspension occurred too long ago and she was not suspended for 3 days in June 2012.  *Id.*  The record reflects that the appellant received a 3-day suspension in January 2013 for failure to follow leave procedures, unauthorized absences, and lack of candor based on her conduct in June 2012.  IAF, Tab 9 at 111-19.  The agency's decision letter erroneously states she was suspended in June 2012, instead of January 2013.  *Id.* at 67.  Regardless, the deciding official testified that, although he considered such prior disciplinary actions, he would have sustained the removal action even absent the prior suspensions due to the severity of the misconduct.  HCD (testimony of deciding official).

¶17        The appellant also reiterates her argument below that the deciding official failed to properly weigh the *Douglas* factors.  PFR File, Tab 1 at 9-10.  She argues that the deciding official erred in his belief that she was not capable of working independently or with others and cites to statements from her two witnesses concerning  her character as well as her rebuttal to the *Douglas* factor analysis set forth in her prehearing submissions.  *Id.*  Notwithstanding the favorable evidence and testimony from the appellant's witnesses regarding her

character and abilities, the administrative judge found the penalty of removal was reasonable because disrespect toward supervisors seriously undermines the capacity of management to maintain employee discipline.  ID at 13-14, 21.

¶18    We discern no basis to disturb the administrative judge's penalty analysis. The Board has upheld removal based on inappropriate and disrespectful conduct towards supervisors.  *See, e.g.*, *Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶¶ 11-15 (2003) (explaining that removal is warranted for inappropriate behavior toward supervisor); *Kirkland–Zuck v. Department of Housing & Urban Development*, 90 M.S.P.R. 12, ¶ 19 (2001), *aff'd*, 48 F. App'x 749 (Fed. Cir. 2002) (finding removal appropriate for repeated disrespectful behavior toward supervisors and others); *Holland v. Department of Defense*, 83 M.S.P.R. 317, ¶¶ 10-12 (1999) (determining removal an appropriate penalty for rude and discourteous behavior).

The administrative judge properly found that the appellant failed to prove that her removal was based on discrimination or retaliation.

¶19    The administrative judge found that the appellant failed to provide any evidence in support of her allegations of discrimination based on race, sex, or color.  ID at 17.  He also credited testimony of the agency's witnesses that the action was not motivated by the appellant's race, sex, or color.  *Id.*  On review, the appellant asserts that the administrative judge failed to consider her evidence below establishing that she was the only African-American female Wastewater Treatment Plant Operator who was denied leave for over 6 months.  PFR File, Tab 1 at 11.  Although the appellant raised claims of discrimination based on the denial of annual leave in her EEO complaint, IAF, Tab 9 at 57, the Board has jurisdiction over an appeal from a FAD only with respect to matters otherwise appealable to the Board, *see* 5 U.S.C. § 7702(a)(1) (providing Board jurisdiction over discrimination claims raised in connection with otherwise appealable actions).  The denial of annual leave is not an otherwise appealable action.  *See* 5 U.S.C. § 7512; 5 C.F.R. § 752.401.  Accordingly, the administrative judge

properly addressed solely the appellant's allegations of discrimination regarding her removal, an otherwise appealable action.  *See, e.g.*, *Sage v. Department of the Army*, 108 M.S.P.R. 398, ¶ 8 (2008).  To the extent the appellant wishes to raise claims of discrimination concerning nonappealable actions, she may wish to raise such claims with the EEOC or in court rather than with the Board.

¶20     Regarding the appellant's retaliation claim, the administrative judge found that, although the appellant participated in EEO and union activity and the relevant agency officials were aware of her participation, she failed to establish discrimination via direct evidence or circumstantial evidence, such as a convincing mosaic of evidence from which a discriminatory intent could be inferred, evidence that the agency's reasons for removing her were pretext, or evidence that the agency treated similarly situated comparators differently.  ID at 19.  The administrative judge noted that the appellant's coworker provided a written statement in which he speculated that the agency terminated the appellant due to her grievances, EEO complaint, and union activity, but found such conclusory claims were insufficient.  ID at 14, 19.  On review, the appellant reiterates her conclusory argument that agency officials wanted to remove her because of her EEO complaint, but fails to raise any specific allegations of error regarding the administrative judge's finding that she failed to prove retaliation. PFR File, Tab 1 at 12.  Thus, we agree with the administrative judge that the appellant failed to establish her affirmative defense of retaliation.

¶21     The administrative judge noted that, after the hearing, but prior to the issuance of the initial decision in this matter, the Board issued *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 35-51 (2015), clarifying the standards and procedures governing its adjudication of claims under Title VII of the Civil Rights Act of 1964 (codified in pertinent part at 42 U.S.C. § 2000e-16). ID at 18 n.19.  The administrative judge applied the analytical framework set forth in *Savage* regarding the appellant's retaliation claim and found that, although *Savage* post-dated the hearing, it did not materially affect the appellant's

opportunity to establish her claim. *Id.* We agree. We further find that applying the framework in *Savage* does not change the result regarding the appellant's claims of discrimination based on race, color, and sex because the appellant failed to present direct or circumstantial evidence that these protected classes were a motivating factor in the removal action. Thus, we affirm the administrative judge's finding that the appellant did not meet her burden of proving her affirmative defenses of discrimination or retaliation.

The appellant's remaining arguments do not provide a basis for reversal.

¶22    The appellant also asserts that the administrative judge was biased against her during the prehearing conference because "he seemed like he had already made up his mind" and allegedly instructed the agency representative not to entertain her settlement proposal. PFR File, Tab 1 at 4-5. The summary of the prehearing conference does not contain any information regarding settlement discussions, and the appellant did not object to the summary as incomplete. IAF, Tab 21. In any event, we find such bare assertions do not establish a deep-seated antagonism toward the appellant that would make fair judgment impossible or overcome the presumption of honesty and integrity accorded to administrative judges. *See Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

¶23    The appellant also asserts that the administrative judge improperly denied most of her witnesses. PFR File, Tab 1 at 4. An administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). The administrative judge denied six of the appellant's requested witnesses, finding that their proffered testimony was not relevant to the issues in the appeal.[5] IAF,

---

[5] Although the administrative judge denied these witnesses, he also informed the appellant that she could move for reconsideration at the conclusion of the presentation

Tab 21 at 7. There is no evidence in the record indicating that the appellant objected to the administrative judge's denial of these witnesses, and thus she is precluded from doing so on petition for review. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). Even if the appellant had preserved an objection, we would not disturb the initial decision based on exclusion of witnesses because the appellant has not explained how she was prejudiced by their exclusion; that is, she has not explained how their testimony, if admitted, would have affected the outcome. *See Roth v. U.S. Postal Service*, 54 M.S.P.R. 290, 295-96 (1992).

¶24     Next, the appellant argues that the administrative judge improperly denied her motion to compel discovery. PFR File, Tab 1 at 4. The record does not indicate that the appellant preserved any objection to the administrative judge's discovery rulings, as required by Board law. *See, e.g.*, *Langford v. Department of the Treasury*, 73 M.S.P.R. 129, 138 (1997). In any event, the Board will not find reversible error in an administrative judge's discovery rulings absent an abuse of discretion that prejudiced the appellant's substantive rights. *White v. Government Printing Office*, 108 M.S.P.R. 355, ¶ 9 (2008). The record reflects that the administrative judge denied the appellant's motion to compel based on the agency's arguments that the information requested was not relevant. IAF, Tabs 18, 21. The documents the appellant sought include mostly time and attendance, leave denial, and payroll records, documents concerning a supervisor being removed from her chain of command, and documents showing when some unidentified emails were received and opened. IAF, Tab 16. We agree that the appellant failed to show how such documents were relevant to this appeal. Thus, we find the administrative judge did not abuse his discretion in denying the appellant's motion to compel.

---

of evidence if she believed she could demonstrate such testimony would be relevant to a disputed material fact. IAF, Tab 21 at 7 n.3.

¶25     Based on the foregoing, we decline to disturb the initial decision affirming the appellant's removal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court.

*See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                           _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.