**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CARLTON CASTLIN, | DOCKET NUMBER |
| Appellant, | AT-0752-17-0714-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: March 12, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David A. Harley, Mount Pleasant, South Carolina, for the appellant.

Karen Rodgers, Montgomery, Alabama, for the agency.

Sophia Haynes, Esquire, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 3-day suspension. For the reasons discussed below, we GRANT the agency's petition for review, AFFIRM the administrative judge's findings that the agency proved its charge as modified to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

sustain an additional specification, REVERSE the administrative judge's decision to mitigate the penalty, and SUSTAIN the appellant's removal.

## BACKGROUND

The appellant was employed by the agency as an Advanced Medical Support Assistant. Initial Appeal File (IAF), Tab 8 at 12. The agency proposed his removal on June 8, 2017. *Id.* at 56-57. Effective July 19, 2017, the agency removed him based on one charge of inappropriate conduct supported by four specifications. *Id.* at 12, 14-17. According to the specifications, while on duty, the appellant called a female coworker a profane epithet (specification A), made critical comments and gestures about other female coworkers' attire and body parts (specifications B and C), and made sexually explicit comments and gestures to another female coworker (specification D). *Id.* at 14-15.

The appellant filed an appeal of his removal, challenging the sufficiency of the charges and raising affirmative defenses of race, age, sex, and sexual orientation discrimination.[2] IAF, Tab 1 at 3, Tab 19 at 5, Tab 28, Initial Decision (ID) at 15. After holding a hearing, the administrative judge issued an initial decision mitigating the appellant's removal to a 3-day suspension. ID at 1-2, 13-15. He found that the agency proved specification A, but not the remaining specifications; there was a nexus between the nature of the proven on-duty misconduct and the efficiency of the service; and a 3-day suspension was the maximum penalty warranted under the circumstances. ID at 4-15. He found that

---

[2] In the initial decision, the administrative judge did not consider the appellant's inchoate equal employment opportunity (EEO) reprisal affirmative defense that he arguably raised in his initial appeal. ID at 15; IAF, Tab 1 at 3. The appellant did not assert that affirmative defense in any of his subsequent pleadings; object to the administrative judge's status conference summary, which limited the appellant's affirmative defenses to discrimination based on race, age, sex, and sexual orientation; or file a petition for review or other pleading challenging the initial decision that failed to address this potential affirmative defense. ID at 15; IAF, Tabs 19, 20. Accordingly, we find that, under these circumstances, the appellant waived or abandoned his EEO reprisal affirmative defense. *See Thurman v. U.S. Postal Service*, 2022) (setting forth a nonexhaustive list of factors for determining whether the appellant waived or abandoned an affirmative defense).

the appellant did not prove his affirmative defenses.[3]  ID at 15-22.  The agency has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency does not dispute the administrative judge's finding that it proved the inappropriate conduct charge.  ID at 13; *see Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (observing that a charge of improper conduct has no specific element of proof and is established by proving that the employee committed the acts alleged in support of the broad label).  Rather, it asserts that the administrative judge erred in not sustaining specifications B, C, and D and in mitigating the imposed penalty.  PFR File, Tab 1 at 4-12.  The appellant has not filed a response.

---

[3] The administrative judge's findings on the affirmative defenses are not challenged by either party on review.  We note, however, that subsequent to the administrative judge's decision, the Supreme Court issued its decision in *Bostock v. Clayton County*, 590 U.S. 644 (2020).  In *Bostock*, the Court considered whether 42 U.S.C. § 2000e–2(a)(1), the Title VII provision outlawing discrimination by private employers "because of" sex, also prohibits discrimination on the basis of sexual orientation or transgender status. *Bostock*, 590 U.S. at 649-62.  The Court concluded that it does, holding that when an employer takes action against an individual for being homosexual or transgender, "[s]ex plays a necessary and undistinguishable role in the decision, exactly what Title VII forbids." *Id.* at 652.  Here, although the administrative judge did not have the benefit of the *Bostock* decision, he nonetheless adjudicated the appellant's sexual orientation discrimination claim, applying EEOC precedent on the matter.

The administrative judge properly assessed whether the appellant proved his sexual orientation claim under a "motivating factor" causation standard.  ID at 17.  While the private sector provision of Title VII prohibits discrimination "because of" sex, the provision applicable in the context of Federal employment more broadly requires that all personnel actions affecting covered employees "shall be made free from any discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a); *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 20.  We agree with the administrative judge's finding that the appellant failed to prove this claim.  Because there is no challenge on review to the administrative judge's analysis of this affirmative defense and because it is not obvious that application of *Bostock* would yield a different result, we decline to readjudicate this issue.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision; 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review.").

**ANALYSIS**

In an appeal of a removal under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service.[4] *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); 5 C.F.R. § 1201.56(b)(1)(ii). To meet this burden, the agency must prove its charge, establish a nexus between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

Specification C is sustained.

As alleged by the agency, and found by the administrative judge, the appellant stated that he "cannot work here with all these women" and made hand motions describing breasts and hips. ID at 9; IAF, Tab 8 at 14. The administrative judge found that, although the appellant made the critical comments and gestures about his female coworkers described in specification C, they were not objectively inappropriate because they were legitimate commentary about his female coworkers' attire. ID at 9-10. In its petition for review, the agency disagrees. PFR File, Tab 1 at 6-7.

In finding the proven conduct not objectively inappropriate, the administrative judge credited the testimony of the coworker to whom the appellant made the comment and gesture (coworker 1) that she found the appellant's conduct to be humorous and accurate. ID at 9-10. We do not disturb

[4] The agency issued its removal decision after the President signed into law, on June 23, 2017, the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, 131 Stat. 862. However, the agency did not invoke the VA Accountability Act in removing the appellant, and therefore the administrative judge properly adjudicated the appeal under chapter 75 of Title 5. ID at 3; IAF, Tab 8 at 12, 14-17, 56-57.

that credibility finding; however, coworker 1's opinion is not relevant here; the appellant's comments were directed not at her but at another coworker. *See Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶¶ 7-8 (2016) (explaining that a supervisor's opinions as to the appropriate penalty are insufficient to overcome the deciding official's judgment concerning the seriousness of the misconduct and the appropriateness of the agency-imposed penalty). Similarly, the appellant's specific intent in engaging in the conduct is not determinative. *Fernandez v. Department of Agriculture*, 95 M.S.P.R. 63, ¶¶ 6-8 (2003) (explaining that improper conduct is a general charge containing no specific element of intent, although intent may be relevant to the penalty determination). When evaluating the appellant's comment and gestures in the context described by the administrative judge, and deferring to his credibility determinations thereto, we find that the specified conduct reflects an inappropriate expression of the appellant's focus, not just on his female coworkers' attire, but on their physical appearance and body parts.[5] ID at 9-10; IAF, Tab 8 at 14. Assuming, without finding, that an objective person test is appropriate, we find that a reasonable person in the shoes of the intended target of the appellant's comments and gestures would be offended by them.

Further, as the administrative judge found, the appellant was not sharing his purported concerns with management officials at the time; instead, he spoke to a coworker about his particular disapproval of his other female coworkers. ID at 9-10. Assuming again that an objective person test is appropriate, the appellant's behavior clearly fell outside of what is appropriate for the workplace. The appellant's inappropriate conduct was consistent with the types of disruptive behavior that the agency prohibited in its code of conduct. IAF, Tab 8 at 137-47.

---

[5] As explained above, the agency did not charge the appellant with sexual harassment or violating a sexual harassment policy, for which charge the agency would have been required to prove that the appellant's conduct was both objectively and subjectively offensive—that a reasonable person would find his conduct hostile or offensive and that the victim in fact perceived it to be so. *Salazar v. Department of Energy*, 88 M.S.P.R. 161, ¶¶ 6, 13 (2001).

We note that the code of conduct apprised employees that "disruptive behavior [was] subject to corrective action up to and including removal/discharge." *Id.* at 137, 147. The appellant, who had recently completed new-employee orientation, was on notice of this policy and the inappropriateness of his conduct. *Id.* at 63, 66-68. Accordingly, we find that the appellant's comment and gestures were inappropriate, reverse the administrative judge's finding otherwise, and sustain specification C.

We decline to consider the agency's remaining challenges to the administrative judge's findings on the sufficiency of the charge.

The agency also argues that the administrative judge erred in not sustaining specifications B and D and in denying its request for rebuttal witnesses and certain evidence. PFR File, Tab 1 at 5-10. As discussed below, we find that the agency's penalty of removal was within the tolerable bounds of reasonableness for the appellant's misconduct sustained in specifications A and C. Accordingly, we find it unnecessary to reach a decision on the propriety of the administrative judge's findings regarding specifications B and D or to address the agency's remaining assertions of error concerning the sufficiency of the charge. *See Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 6 (2003) (declining to address the agency's assertions of error regarding a charge raised on review when the administrative judge sustained a different charge that warranted the appellant's removal).

The appellant's removal is sustained.

In its petition for review, the agency asserts that its penalty decision should be sustained. PFR File, Tab 1 at 10-11. The administrative judge determined that the penalty was clearly unreasonable for the single instance of inappropriate misconduct that he sustained and the appellant's significant rehabilitation potential. ID at 14-15. However, we find that removal is within the bounds of reasonableness given our finding that the agency proved specifications A and C.

When, as here, the agency's charge is sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Parker v. U.S. Postal Service,* 111 M.S.P.R. 510, ¶ 8, *aff'd per curiam,* 355 F. App'x 410 (Fed. Cir. 2009). In assessing the reasonableness of the agency's penalty, the Board must take into consideration the failure of the agency to sustain all of its supporting specifications. *Id.*, ¶ 8. That failure may require, or contribute to, a finding that the agency's penalty is not reasonable. *Id.* In such a case, the Board will look for evidence showing that the agency would have imposed the same penalty for the sustained specifications. *Id.*

Nevertheless, the Board's function is to assure that management's judgment has been properly exercised, not to displace management's responsibility or to decide what penalty it would impose. *Id.* Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.* The Board will consider such factors as the nature and seriousness of the offense, the employee's past disciplinary record, the consistency of the penalty with the agency's table of penalties, and the consistency of the penalty with those imposed on others for similar offenses. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

The Board has long held that the most important of the *Douglas* factors is the nature and seriousness of the offense. *Boo v. Department of Homeland Security,* 122 M.S.P.R. 100, ¶ 18 (2014). Among the considerations included in this factor is the relationship of the offense to the employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated. *Id.*

The deciding official determined that the appellant had displayed a pattern of misconduct, which he found directly interfered with the appellant's

performance of his duties and violated agency policy. IAF, Tab 8 at 15, 59, Tab 26, Hearing Compact Disc, Day 1 (HCD1), part 5 at 5:00-7:15, 20:00-22:00 (testimony of the deciding official). He considered that the appellant's position required contact with veteran patients, caregivers, and family members, and daily interactions with multiple coworkers. IAF, Tab 8 at 15, 59. This determination holds even when considering only the sustained misconduct. Although the misconduct described in specification D is arguably the most serious, the misconduct described in the sustained specifications was also serious. IAF, Tab 8 at 14; *see Wilson v. Department of Justice*, 68 M.S.P.R. 303, 310 (1995) (explaining that disrespectful conduct as manifested by the use of insulting or abusive language is serious and not conducive to a stable working atmosphere).

More importantly, when considering the misconduct described in specifications A and C together, the agency proved that the appellant has engaged in a pattern of inappropriate behavior that was contrary to the level of professionalism any agency may reasonably expect from its employees. IAF, Tab 8 at 14, 112, 116; *see Redfearn v. Department of Labor*, 58 M.S.P.R. 307, 316 (1993) (recognizing that an agency is entitled to expect its employees to conform to certain accepted standards of civil behavior and decorum). Although the deciding official did not indicate whether he would have removed the appellant even if some of the specifications were not sustained, the Board has previously sustained the penalty of removal when an appellant has engaged in a pattern of improper conduct. *See, e.g.*, *Kirkland-Zuck v. Department of Housing and Urban Development*, 90 M.S.P.R. 12, ¶¶ 18-20 (2001) (upholding the appellant's removal for disrespectful conduct that was intentional, repeated, serious, and directed at supervisors, coworkers, and non-agency personnel over several months), *aff'd per curiam*, 48 F. App'x 749 (Fed. Cir. 2002). As explained below, the appellant has not demonstrated that there are sufficient mitigating factors that outweigh the seriousness of his misconduct. *Cf. Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671, ¶¶ 12-15 (2010) (finding that

the presence of significant mitigating factors justified reducing the penalty of removal for one charge of disrespectful conduct to a 30-day suspension), *aff'd per curiam*, 415 F. App'x 240 (Fed. Cir. 2011).

We further find that the deciding official, whom the administrative judge found credible, ID at 20-21, adequately considered the remaining relevant *Douglas* factors. The deciding official considered the appellant's prior disciplinary record as an aggravating factor. IAF, Tab 8 at 60, 62. We discern no error with that finding. Barely 1 year prior to the incidents underlying his removal and while employed at a different agency facility, the appellant was suspended for 14 days for negligence of duties, inappropriate conduct, and failure to follow supervisory instructions. IAF, Tab 8 at 111-16. As to the inappropriate conduct charge, the agency found that the appellant yelled at his supervisor several times and made statements that she perceived as threatening, among other specified misconduct. *Id.* at 111-12. That misconduct was serious. *See Davis v. U.S. Postal Service,* 120 M.S.P.R. 457, ¶ 16 (2013) (finding a verbal threat to a supervisor is "without question" a serious offense); *Gaines,* 94 M.S.P.R. 527, ¶¶ 11-15 (upholding an appellant's removal for a single change of inappropriate behavior towards a supervisor). Moreover, while the deciding official found the appellant's 11 years of Federal Government service to be a mitigating factor, he concluded that the remaining factors supported removal: his lack of remorse, despite admitting to some of the charged misconduct; the negative effect that his misconduct had on his work environment; the negative public attention that his conduct could bring to the agency; that he was clearly on notice that his conduct violated agency codes of conduct; and that removal was generally the next appropriate discipline under the circumstances and consistent with the table of penalties. IAF, Tab 8 at 21-22, 59-65, 70, 120-21, 185; HCD 1, part 5 at 5:00-46:30, part 6 at 1:25-18:35 (testimony of the deciding official).

In finding mitigation appropriate, the administrative judge considered that the appellant had significant rehabilitative potential based on his "polite and

professional" conduct while on detail pending completion of the investigation into his alleged misconduct. ID at 14-15. Even if the appellant conducted himself in such a manner during that 10-week time period, we are not persuaded that his doing so suggests that he would not continue to make inappropriate comments and gestures about his coworkers. IAF, Tab 8 at 118; *see Crawford v. Department of Justice*, 45 M.S.P.R. 234, 238 (1990) (finding no error in the deciding official's decision not to weigh the appellant's favorable appraisal for his performance while on detail pending the agency's removal decision). The administrative judge erred in disagreeing with the deciding official's weighing of this mitigating factor.[6] *See generally Parker*, 111 M.S.P.R. 510, ¶ 9. The administrative judge's decision to weigh this factor in the appellant's favor cannot substitute for the deciding official's implicit decision not to give it any weight.

Accordingly, we find that the agency's chosen penalty is entitled to deference because the deciding official considered all of the relevant *Douglas* factors and the penalty of removal is not beyond the bounds of reasonableness under these circumstances. *Id.,* ¶¶ 8-9. We reverse the administrative judge's finding otherwise and sustain the agency's removal decision.

For the foregoing reasons, we grant the agency's petition for review, affirm the administrative judge's finding that the agency proved its charge as modified to sustain an additional specification of the charge, reverse the administrative judge's decision to mitigate the penalty, and sustain the removal penalty.[7]

---

[6] This case is distinguishable from *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016). There, the Federal Circuit found that the Board should have deferred to the administrative judge's findings about the appellant's potential for rehabilitation because they were "necessarily intertwined" with her implicit demeanor based credibility determinations. *Id.* Here, as explained above, the administrative judge's credibility determination is not relevant to determining whether the appellant exhibited significant rehabilitation potential under these circumstances.

[7] The agency has certified on review that, after the initial decision was issued, it reinstated the appellant to his position pursuant to the administrative judge's interim relief order. ID at 23-24; PFR File, Tab 1 at 12. The appellant has not disputed the

**NOTICE OF APPEAL RIGHTS**[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

agency's certification. Following his reinstatement, the agency removed the appellant a second time, effective April 15, 2019, based on new charges of misconduct. *Castlin v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-19-0303-I-1, Initial Appeal File (0303 IAF), Tab 1 at 8-14. The appellant filed an appeal and, following his requested hearing, 0303 IAF, Tabs 44, 46, the administrative judge issued an initial decision affirming the appellant's removal, *Castlin v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-19-0303-I-1, Initial Decision at 15-35 (Oct. 9, 2019); 0303 IAF, Tab 47. That initial decision became final when neither party filed a petition for review. *See* 5 C.F.R. § 1201.113(a) (providing that the initial decision generally becomes the Board's final decision 35 days after issuance unless a party files a timely petition for review). An appeal is not moot if the appellant does not receive all of the back pay to which he is entitled. *Sredzinski v. U.S. Postal Service*, 105 M.S.P.R. 571, ¶ 7 (2007). The appellant's second removal and the decision upholding it did not render this appeal moot because, prior to our issuance of the instant decision, there remained an issue as to whether the appellant was entitled to back pay for the period between the effective dates of his first and second removals. Our decision here resolves that issue in favor of the agency.

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.