## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIKI IKOSSI,

Appellant,

v.

DEPARTMENT OF DEFENSE,

Agency.

DOCKET NUMBER
DC-0752-17-0357-I-2

DATE: April 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John J. Rigby, Esquire, Arlington, Virginia, for the Appellant

Sara K. Achinger, Esquire, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her removal for misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to correct typographical errors in the initial decision, to clarify the analysis of the appellant's retaliation claim, to consider additional mitigating factors in the penalty analysis, and to address the appellant's additional arguments on review, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Physical Scientist for the agency. *Ikossi v. Department of Defense*, MSPB Docket No. DC-0752-17-0357-I-1, Initial Appeal File (IAF), Tab 1 at 15. Effective February 6, 2017, the agency removed her after 18 years of Government service based on 2 charges: (1) conduct unbecoming a Federal employee; and (2) failure to follow instructions. *Id*. at 11-12; IAF, Tab 4 at 16-17. The conduct unbecoming charge was supported by six specifications based on the appellant's alleged rude, uncooperative, and unprofessional behavior when her supervisor and agency staff attempted to assist her with the following matters: reducing the size of her electronic mailbox; syncing her new computer; and her requests for reasonable accommodation and for leave under the Family and Medical Leave Act of 1993 (FMLA). IAF, Tab 1 at 11-12. The failure to follow instructions charge was supported by one specification alleging that the appellant failed to follow her supervisor's instruction directing her to sync her computer and turn in her old computer by May 13, 2016. *Id*. at 12.

The appellant filed an appeal with the Board challenging her removal and alleging retaliation for her equal employment opportunity (EEO) activity. IAF, Tab 1 at 4, 6. The appeal was dismissed without prejudice and timely refiled. IAF, Tab 25; *Ikossi v. Department of Defense*, MSPB Docket No. DC-0752-17-0357-I-2, Refiled Appeal File (RAF), Tab 1. After holding a 2-day hearing, the administrative judge issued an initial decision affirming the removal action. RAF, Tab 17, Initial Decision (ID). The administrative judge found that the agency proved both charges and all of the specifications. ID at 24-25. He also found that the appellant failed to prove that her EEO activity was a motivating factor in the agency's removal decision. ID at 30. The administrative judge further found that the removal penalty was reasonable under the circumstances and promoted the efficiency of the service. ID at 30-34.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the administrative judge should have merged charge 2 with charge 1, specification 6. PFR File, Tab 3 at 5. She also argues that the administrative judge made several factual errors in the initial decision and that his penalty analysis was flawed. *Id*. at 6-22. For the reasons stated below, we find that the appellant's arguments on review present no basis for reversing the initial decision.

The agency proved its charges.

An agency must prove its charges in a chapter 75 adverse action appeal by preponderant evidence, i.e., the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. *See* 5 U.S.C. § 7701(c)(1)

(B); 5 C.F.R. § 1201.4(q). On review, the appellant does not dispute that she committed the acts specified in charge 1. For the reasons stated in the initial decision, we therefore find that the administrative judge correctly sustained all six specifications of the conduct unbecoming charge. ID at 2-24.

On review, the appellant argues that the administrative judge should have merged charge 2 with specification 6 of charge 1 because the underlying facts are the same and the specifications are almost identical. PFR File, Tab 3 at 5. The Board will merge charges if they are based on the same conduct and proof of one charge automatically constitutes proof of the other charge. *Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 5, *review dismissed*, 139 F. App'x 261 (Fed. Cir. 2005). In specification 6 of charge 1, the agency stated that the appellant engaged in conduct unbecoming a Federal employee when she refused her supervisor's May 11, 2016 request to schedule a time with the information resources department to sync her new computer and return her old computer, and directed her supervisor to put his request in writing. IAF, Tab 1 at 12. In charge 2, the agency specified that the appellant failed to follow her supervisor's May 11, 2016 instruction to sync her new computer and turn in her old computer by May 13, 2016. *Id*. Even assuming that merger was appropriate in this case, we find that the appellant's argument provides no basis for reversing the administrative judge's decision to sustain the charge because the appellant does not dispute that she failed to follow instructions as specified in the charge. ID at 25; *see Shiflett*, 98 M.S.P.R. 289, ¶ 12 (observing that the merger of charges does not mean that the duplicative charge is not sustained or that the appellant's misconduct somehow becomes less serious by virtue of the merger). We further find that merger would not affect the penalty because, inter alia, in selecting the penalty of removal, the agency's deciding official did not separately consider the second charge to enhance the penalty. *See Childs v. U.S. Postal Service*, 67 M.S.P.R. 348, 356 (1995).

On review, the appellant also argues that the initial decision is "a work of fiction" because the administrative judge made a number of factual errors. PFR File, Tab 3 at 9. For example, she argues that the administrative judge incorrectly referred to the deciding official as "she" even though he is male. *Id.* She also argues that the administrative judge relied on made-up testimony on page 28 of the initial decision because he referred to the testimony of her former supervisor, Dr. Hannan, who did not testify at the hearing. *Id.* at 7. The appellant further asserts that, on page 27 of the initial decision, the administrative judge referred to the testimony of "Richard Hann" but that name is not on the approved witness list. *Id.* at 8; RAF, Tab 12 at 7. The appellant acknowledges that Dr. Ronald Hann testified at the hearing, but she rejects the possibility that the administrative judge was actually referring to his testimony on the above-referenced pages in the initial decision. PFR File, Tab 3 at 8-9. We disagree.

Based on our review of the recorded hearing testimony of Dr. Ronald Hann, we find that the administrative judge incorrectly referred to Dr. Hann as "Hannan" and as "Richard Hann" on pages 27-28 of the initial decision, although he accurately summarized the substance of Dr. Hann's testimony. RAF, Tab 16 (testimony of Dr. Hann). The administrative judge incorrectly referred to Hannan's testimony about "Hann's decision" on page 28 of the initial decision when, in fact, he was summarizing Dr. Hann's testimony about a decision made by the proposing official, Dr. Richard Schoske.[2] ID at 28; RAF, Tab 16 (testimony of Dr. Hann). The administrative judge also incorrectly used feminine pronouns in reference to the male deciding official in the initial decision. ID at 32-33. We nonetheless find that the typographical errors identified by the appellant on review are not substantive and do not warrant reversing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282

[2] The proposing official was the appellant's supervisor at the time of the charged misconduct. IAF, Tab 1 at 9-14.

(1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>The appellant failed to prove her affirmative defense of retaliation for EEO activity.</u>

The appellant claimed that the agency's removal action was taken in retaliation for her protected EEO activity. IAF, Tab 1 at 6; RAF, Tab 12 at 2-3, 6-7. The administrative judge found that the appellant failed to prove by preponderant evidence that her EEO activity was a motivating factor in her removal. ID at 30. The record shows that some of her underlying EEO activity involved claims of discrimination based on national origin, sex, and age. IAF, Tab 4 at 10, Tab 15 at 20. To prove an affirmative defense of retaliation for such Title VII EEO activity, the appellant must show that retaliation was a motivating factor in the agency's decision.[3] *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 19-21, 30. An appellant may prove her claim by an combination of direct or indirect evidence, including suspicious timing, statements, or actions by agency officials from which an inference of discrimination might be drawn, evidence concerning the agency's treatment of similarly situated individuals outside the appellant's protected class, and evidence that the agency's stated reasons for the action were pretextual, *Id*. ¶ 24. In his initial decision, the administrative judge set forth the evidentiary framework for both a claim of EEO retaliation and a claim of retaliation for non-EEO, non-

---

[3] Some of the appellant's EEO activity may have involved her requests for reasonable accommodation and her claims of disability discrimination. IAF, Tab 5 at 16. Such claims arise under the Rehabilitation Act of 1973, Pub. L. No. 93-112, 87 Stat. 355, which incorporates the standards for determining whether there has been a violation of the Americans with Disabilities Act of 1990 (ADA), Pub. L. No. 101-336, 104 Stat. 327, as amended by the ADA Amendments Act of 2008 (ADAAA), Pub. L. No. 110-325, 122 Stat. 3553. *See* 29 U.S.C. § 791(f); 29 C.F.R. § 1614.203(b). A more stringent but-for causation standard applies to claims of retaliation for engaging in activity protected by the Rehabilitation Act. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 46-47. Because the appellant has failed to meet the less stringent motivating factor standard, she would necessarily fail to meet the but-for standard.

whistleblowing activity protected under 5 U.S.C. § 2302(b)(9)(A)(ii). ID at 25-26; *see Pridgen*, 2022 MSPB 31, ¶ 32. It is therefore unclear which evidentiary framework the administrative judge applied. We modify the initial decision to clarify that, when considered under the standard and framework set forth in *Pridgen*, the appellant did not prove her claim of retaliation. *Pridgen*, 2022 MSPB 31, ¶ 32.

As part of his analysis of the retaliation claim, the administrative judge made an explained finding that the appellant failed to prove that her EEO activity was a motivating factor in the agency's removal decision. ID at 30. In particular, the administrative judge credited the testimony of the proposing and deciding officials concerning their knowledge of the appellant's EEO complaints and the nondiscriminatory factors they considered in the removal action. ID at 26-30. The administrative judge also considered the evidence as a whole and credited the testimony of numerous witnesses with no motive to fabricate in finding that the agency's stated reasons for the appellant's removal were not pretext.[4] *Id*. We have considered the appellant's general claim of "disparate treatment" and her references to her EEO case in her petition for review. *E.g.*, PFR File, Tab 3 at 18-21, Tab 6 at 11-12, 17-18. The appellant identifies nothing on review that would cause us to revisit the administrative judge's conclusions on this issue.[5] *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must defer to an administrative judge's credibility

---

[4] Although the administrative judge referenced the distinction between direct and circumstantial evidence, ID at 25-26, there is no indication that he improperly disregarded or discounted any evidence because it was indirect or circumstantial, ID at 26-30, and we find that he properly considered the evidence as a whole in finding that the appellant failed to show that her EEO activity was a motivating factor in her removal, *see Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 28-31 (2016), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24.

[5] We find that the initial decision gave the appellant sufficient notice of the core issue to allow her to contest the administrative judge's material findings on petition for review had she so desired. *See Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 6 n.2 (2017).

determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). We therefore affirm the administrative judge's conclusion that the appellant failed to prove her affirmative defense of EEO retaliation.

The agency's choice of penalty is reasonable.[6]

When the Board sustains an agency's charges, it will defer to the agency's penalty determination unless the penalty exceeds the range of allowable punishment specified by statute or regulation, or unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion. *Saiz v. Department of the Navy*, 122 M.S.P.R. 521, ¶ 5 (2015). Mitigation of an agency-imposed penalty is appropriate only when the agency failed to weigh the relevant factors or the agency's judgment clearly exceeded the limits of reasonableness. *Id*. The Board will independently weigh the relevant factors only if the deciding official failed to demonstrate that he considered any specific, relevant mitigating factors before deciding on a penalty. *Id*.

The administrative judge found that the deciding official properly considered the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and the removal penalty was reasonable. ID at 33. On review, the appellant argues that the deciding official should have considered her Major Depressive Disorder and constant pain as mitigating factors and mitigated the removal penalty to a suspension. PFR File, Tab 3 at 10-12, 16-22. We agree that the deciding official should have given the appellant's medical conditions more consideration as mitigating factors, and therefore we

_____

[6] The appellant has not challenged, and we find no reason to disturb, the administrative judge's explained finding that the agency proved nexus between the charged misconduct and the efficiency of the service because the appellant's failure to follow instructions and her disruptive interactions with her supervisor, coworkers, and Information Technology service personnel directly related to her ability to accomplish her duties. ID at 30-31.

modify the initial decision to independently reweigh the mitigating factors in the penalty determination.

Although the deciding official is not required to show that he considered all the mitigating factors, evidence that an employee's medical condition or mental impairment played a part in the charged misconduct can be entitled to considerable weight as a mitigating factor. *See Saiz*, 122 M.S.P.R. 521, ¶ 5; *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 15 (2010), *overruled on other grounds by Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 9-18. The deciding official testified that he took into account the appellant's responses to the proposed removal, which referred to her medical conditions and mental impairments, but he considered her years of Federal service as the only mitigating factor in the penalty analysis. RAF, Tab 15 (testimony of R.W.); IAF, Tab 4 at 16, 21.

The appellant's Major Depressive Disorder and constant pain is undisputed. She asserts that she has been in constant pain since late 2014 and submitted a physician's letter stating that her chronic pain condition may result in perceived irritability and impatience. PFR File, Tab 3 at 11; RAF, Tab 11 at 56. She also submitted evidence and argument that her Major Depressive Disorder was related to and exacerbated by workplace stress. PFR File, Tab 3 at 11; RAF, Tab 11 at 44. We find that her medical or mental conditions may have intensified her emotional reactions in meetings and interactions with agency employees and are entitled to some weight as mitigating factors. However, the Board will not consider a medical or mental impairment to be a significant mitigating factor in the absence of evidence that the impairment can be remedied or controlled, i.e., when the potential for rehabilitation is poor. *Woebcke*, 114 M.S.P.R. 100, ¶ 15. Here, the record does not contain evidence that the appellant's medical condition or mental impairment has been remedied or controlled, and this was her third disciplinary action for similar misconduct. ID at 33; RAF, Tab 15 (testimony of

the deciding official). We therefore find that the weight of this mitigating factor is not significant and does not warrant reversing the agency's removal decision.

We have also considered the appellant's argument that the deciding official incorrectly weighed as neutral the evidence she submitted under *Douglas* factor 11, which includes evidence of "unusual job tensions, personality problems, mental impairment, harassment, or . . . provocation on the part of others involved in the matter." PFR File, Tab 3 at 16-17. For example, the appellant argues that the deciding official should have considered, as additional mitigating factors, alleged abuse and harassment by management's alleged attempts to terminate her while she pursued a prior EEO case. PFR File, Tab 6 at 9-11. The appellant also refers to an incident involving a former supervisor who told her to shut up during a meeting in 2014, which was 3 years before the instant removal action. PFR File, Tab 3 at 18; IAF, Tab 5 at 14. The appellant raised these issues in her responses to the proposed removal action, and the deciding official considered them. IAF, Tab 4 at 16-17, Tab 6 at 16-19, Tab 7 at 10-11. However, there is no indication that any of the agency officials involved in the alleged abuse and harassment were involved in the incidents underlying the charged misconduct in this case or had any input into the agency's removal action. We find that the appellant's arguments on review present no basis to disturb the initial decision.

We have also considered the appellant's disparate penalty argument on review. During the pendency of the petition for review, the Board clarified that, when analyzing disparate penalty claims, the universe of potential comparators should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant. *Singh*, 2022 MSPB 15, ¶ 13. The Board held that disparate penalty analysis should not extend beyond the same or similar offenses, and that the Board should not weigh the relative seriousness of various offenses to determine if employees who committed different acts of misconduct were treated differently. *Id.*, ¶ 17. Instead, the

relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. *Id*., ¶ 14.

As proof of disparate penalty, the appellant argues that the agency failed to discipline management officials who discriminated and retaliated against her. PFR File, Tab 6 at 18. Specifically, she asserts that her supervisor told her "to 'shut up' in a meeting about her reasonable accommodation request when she accused him of discrimination." *Id.* We agree with the administrative judge's determination that the statement attributed to the appellant's supervisor is not comparable to the charges against the appellant. RAF, Tab 7 at 1 (referencing RAF, Tab 5 at 8-9); ID at 15-16. The administrative judge noted that the supervisor was counseled about his statement, ID at 15, and we find that, given the lack in similarity in the conduct, the lack of further disciplinary action against the supervisor does not warrant mitigation of the appellant's removal based on a disparate penalty theory. The appellant also asserts that two agency employees with no prior discipline received lesser penalties for serious conduct unbecoming a Federal employee based on sexual harassment and drunk and disorderly conduct. PFR File, Tab 3 at 13. We find that the appellant has not shown that there is enough similarity between both the nature of the misconduct and other relevant factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *See Singh*, 2022 MSPB 15, ¶¶ 14, 17.

Moreover, the deciding official testified that he reviewed the agency's Table of Penalties, which provided that the removal penalty was within the range of penalties for a third offense of conduct unbecoming a Federal employee. RAF, Tab 15 (testimony of the deciding official). The appellant, through her attorney representative, did not question the deciding official about cases involving alleged comparators.[7] ID at 33 n.6. We therefore find that the appellant has not

---

[7] The administrative judge noted that the appellant called the Acting Head of the Human Resources department as a witness to advance her claim that the penalty imposed was unfair. But the witness testified that she had no personal knowledge of the prior cases the appellant asked about. ID at 33 n.6.

shown that the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. *See Singh*, 2022 MSPB 15, ¶ 14.

The appellant argues that the agency's failure to retain employee discipline records prior to 2013 prevented her from proving her claim of disparate penalty, and that the administrative judge was required to make an adverse inference against the agency for allegedly destroying documents relating to the discipline of employees prior to 2013. PFR File, Tab 3 at 14, Tab 6 at 15-16. We disagree. The administrative judge noted that the Acting Head of the Human Resources Department testified that the agency has a records retention policy of 4 to 7 years. ID at 33 n.6. Thus, the appellant has not shown that the agency violated its records retention policy, even assuming that it did not retain employee disciplinary records for more than 4 years before her removal in 2017. PFR File, Tab 6 at 14-15. In support of her argument that the agency was required to retain 5 years of employee discipline documentation, the appellant cites a nonprecedential decision about a discovery dispute. PFR File, Tab 6 at 14 (citing *Marquand v. Department of Defense*, 123 M.S.P.R. 490 (2016) (Table)). However, the Board is not bound by nonprecedential decisions, and the *Marquand* decision does not stand for the proposition asserted by the appellant.

Based on our independent review of the record and the relevant *Douglas* factors, we find that the mitigating factors are outweighed by the seriousness of the appellant's repeated misconduct. Among the pertinent *Douglas* factors are the nature and seriousness of the offense, the appellant's past disciplinary and work record, the consistency of the penalty imposed with those imposed upon other employees for the same or similar misconduct, her potential for rehabilitation, mitigating circumstances, and the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the appellant and others. *See Douglas*, 5 M.S.P.R. at 305-06. The deciding official considered as aggravating factors the appellant's prior suspensions in 2014 and 2015 for

discourtesy toward her supervisor and for failure to follow instructions. IAF, Tab 1 at 12-20. The deciding official also considered that the appellant received a Letter of Counseling about proper professionalism in 2016, but her behavior continued to decline. IAF, Tab 1 at 12, 16; RAF, Tab 15 (testimony of the deciding official). We agree with the deciding official that the appellant's potential for rehabilitation is poor and an alternate sanction is unlikely to deter similar misconduct in the future. RAF, Tab 15 (testimony of the deciding official). We therefore find that the appellant's psychological impairment and medical conditions, coupled with more than 18 years of service, do not outweigh the significant aggravating factors in this case. We also find that the removal penalty is consistent with prior Board decisions, which have upheld removal as a reasonable penalty for the offenses of conduct unbecoming a Federal employee and failure to follow instructions.[8] We therefore conclude that removal is a reasonable penalty for the sustained charges.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[8] *See Beaudoin v. Department of Veterans Affairs*, 99 M.S.P.R. 489, ¶ 19 (finding that disrespectful or insolent conduct toward a supervisor is a serious offense in affirming the removal of employee with prior recent discipline for similar misconduct), *aff'd as modified on recons.*, 100 M.S.P.R. 507 (2005), *aff'd*, 202 F. App'x 460 (Fed. Cir. 2006); *Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶¶ 2-3, 9, 11-12 (2003) (affirming the removal of an employee with 28 years of service for loud, belligerent, and inappropriate behavior toward a supervisor); *Kirkland-Zuck v. Department of Housing & Urban Development*, 90 M.S.P.R. 12, ¶ 19 (2001) (finding, in pertinent part, that repeated insolent behavior toward supervisors seriously undermines the capacity of management to maintain employee efficiency and discipline), *aff'd*, 48 F. App'x 749 (Fed. Cir. 2002); *Howarth v. U.S. Postal Service*, 77 M.S.P.R. 1, 7-8 (1997) (sustaining the removal of an employee for refusal to follow instructions).

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.